IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JONES,<br><br>    Petitioner,<br><br> v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | No. C 13-01717 EJD (PR)<br><br>ORDER OF DISMISSAL; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*<br><br>(Docket Nos. 7 & 8) |

      On April 16, 2013, Petitioner, a state prisoner proceeding pro se, filed a motion for an extension of time seeking six to twelve months "to prepare a writ." (Docket No. 2.) Petitioner's motion was granted in part. (Docket No. 9.) Petitioner was instructed to file a petition for writ of habeas corpus by June 20, 2013. (Id.) Petitioner has filed a letter requesting additional time to file a petition. (Docket No. 11.)

      It is obvious that Petitioner seeks to toll the statute of limitations in order to file a federal habeas petition challenging his state petition. Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to "Cases" and "Controversies." See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). There is no concrete dispute for this Court to decide: Petitioner's request in essence asks the court to

Order of Dismissal
G:\PRO-SE\EJD\HC.13\01717Jones_dism.wpd

determine in advance whether his petition for writ of habeas corpus will be time-barred if it is filed at some unspecified date in the future which may or may not be within the one-year period prescribed by 28 U.S.C. § 2244(d).  This Court could not grant the requested relief without offending the Constitution's case or controversy requirement.  Finally, Petitioner may seek relief from the statute of limitations under 28 U.S.C. § 2244(d) once he files a petition in federal court.  Although Petitioner obtains no relief today, he is not forever barred from requesting relief.  See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (Section 2244(d) is subject to equitable tolling, although such tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time), cert. denied, 522 U.S. 1099, and cert. denied, 523 U.S. 1061 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).  If and when Petitioner files a late habeas petition, he may make his tolling argument.  At that point, and not before then, the Court will consider whether the statute of limitations should be tolled.  The motion for an extension of time is DENIED.

## CONCLUSION

There is no case or controversy over which the Court may exercise jurisdiction. Accordingly, the above-entitled action is hereby DISMISSED without prejudice to Petitioner's filing a new case with a petition for a writ of habeas corpus or a complaint for other relief.

Petitioner's motion for leave to proceed in forma pauperis, (Docket No. 8), is GRANTED.  Docket No. 7 is DENIED as duplicative.

The Clerk shall close the file.

DATED:  7/3/2013

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
G:\PRO-SE\EJD\HC.13\01717Jones_dism.wpd                    2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DANIEL JONES,

        Petitioner,

  v.

STATE OF CALIFORNIA,

        Respondent.
                                 /

Case Number: CV13-01717 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/3/2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny Jones AA-4707
High Desert State Prison
P. O. Box 3030
Susanville, CA

Dated: 7/3/2013

                                        Richard W. Wieking, Clerk
                                /s/ By: Elizabeth Garcia, Deputy Clerk